IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>S-TRAN HOLDINGS, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 05-11391 (KJC)<br>(Jointly Administered) |
| SERVICE TRANSPORT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FALCON LOGISTICS, INC.,<br><br>Defendant. | Adv. Proc. No. 07-_____ (___) |

**COMPLAINT FOR AVOIDANCE AND
RECOVERY OF PREFERENTIAL TRANSFERS**

Plaintiff Service Transport, Inc. ("Plaintiff"), alleges as and for its "Complaint for Avoidance and Recovery of Preferential Transfers" as follows:

**The Parties**

1. On May 13, 2005 (the "Petition Date"), S-Tran Holdings, Inc., Service Transport, Inc., and Dixie Trucking Company, Inc. (collectively, the "Debtors"), each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("the

---

[1] The debtors are the following entities: S-Tran Holdings, Inc., a Delaware Corporation; Service Transport, Inc., a Tennessee Corporation; and Dixie Trucking Company, Inc., a North Carolina Corporation.

Bankruptcy Court"). The Debtors' respective Chapter 11 cases have been procedurally consolidated for administrative purposes. The Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors provided transport services.

2. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

3. Plaintiff is informed and believes and thereon alleges that defendant Falcon Logistics, Inc. ("Defendant") is a corporation formed under the laws of the State of Tennessee. Defendant was, at all times material hereto, a vendor or provider of services to the Debtors.

## Jurisdiction and Venue

4. The Bankruptcy Court has jurisdiction over this matter under the Bankruptcy Code pursuant to 28 U.S.C. § 157(a) and § 1334(a).

5. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

6. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and is a core proceeding under 28 U.S.C. § 157(b).

## General Allegations

7. The Debtors transferred $7,669.58 to Defendant within the ninety days prior to the Petition Date, including the specific transfers reflected on Exhibit A hereto, which is incorporated by this reference (the "Transfers").

## First Claim for Relief

**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

8. Plaintiff realleges and incorporates paragraphs 1 through 7, inclusive, as though fully set forth herein.

9. Within ninety days prior to the Petition Date, the Debtors made the Transfers to Defendant in the total sum of $7,669.58.

10. The Transfers to Defendant were each on account of an antecedent debt owed by the Debtors to Defendant before the Transfers were made.

11. The Transfers were made while the Debtors were insolvent.

12. The Transfers to Defendant enabled it to receive more than it would have received if the Debtor's case were a case under Chapter 7, if the Transfers had not been made, and if Defendant received payment on the debt to the extent provided by Title 11 of the U.S. Code.

13. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## Second Claim for Relief

**(For Recovery of Property – 11 U.S.C. § 550)**

14. Plaintiff realleges and incorporates paragraphs 1 through 13, inclusive, as though fully set forth herein.

15. Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. Because the Defendant is the initial transferee of the Transfers, Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

WHEREFORE, the Plaintiff prays for judgment as follows:

1. For a determination that the Transfers are avoidable as preferential transfers under Section 547 of the Bankruptcy Code, and that the estate is entitled to recover the transfers under Section 550 of the Bankruptcy Code;

2. For costs of suit incurred herein and pre-judgment interest; and,

3. For such and other further relief that the Court may deem just and proper.

Dated: May __, 2007

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

/s/ signature

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Michael R. Seidl (Bar No. 3889)
919 N. Market Street, 17th Floor
PO Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszyjw.com
dbertenthal@pszyjw.com
mseidel@pszyjw.com

—and—

Steven J. Kahn (CA Bar No. 76933)
Jason S. Pomerantz (CA Bar No. 157216)
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: skahn@pszyjw.com
jsp@pszyjw.com

Attorneys for Debtors/Plaintiff

# Exhibit A

# Falcon Logistics Preference Data.xls

| Invoice # | Invoice Date | Invoice Amt | Check # | Clear Date | Check Amt |
|---|---|---|---|---|---|
| OV L/A-MIC | 11/30/2004 | $2,005.98 | 363798 | 3/16/2005 | $2,005.98 |
| EC L/A-MIC | 12/31/2004 | $1,957.64 | 363969 | 3/16/2005 | $1,957.64 |
| AN L/A-MIC | 1/31/2005 | $1,819.11 | 364656 | 4/4/2005 | $1,819.11 |
| 595733 | 3/3/2005 | $1,886.85 | 365196 | 4/15/2005 | $1,886.85 |
| | **Total** | **$7,669.58** | | | |