# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>S-TRAN HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 05-11391 (KJC)<br>(Jointly Administered) |
| SERVICE TRANSPORT, INC.,<br><br>Plaintiff,<br><br>v. | |
| Loyal Systems, Inc. | Adv. Case No. 07-51273 (CSS) |
| Load One Inc. | Adv. Case No. 07-51275 (CSS) |
| V and S Transportation, Inc. | Adv. Case No. 07-51276 (CSS) |
| United Parts Supply, Inc. | Adv. Case No. 07-51277 (CSS) |
| U.S. Security Associates, Inc. | Adv. Case No. 07-51278 (CSS) |
| Tommy Thore | Adv. Case No. 07-51279 (CSS) |
| Straight A Express Inc. | Adv. Case No. 07-51280 (CSS) |
| W.M. Burnett Truck Line, Inc. | Adv. Case No. 07-51281 (CSS) |
| John's Truck Repair, Inc. | Adv. Case No. 07-51282 (CSS) |
| Beacon Transport, LLC | Adv. Case No. 07-51283 (CSS) |
| Norrenberns Truck Service, Inc. | Adv. Case No. 07-51284 (CSS) |
| Sun Logistics Group, Inc. | Adv. Case No. 07-51285 (CSS) |
| Satoma, LLC, *et al.* | Adv. Case No. 07-51286 (CSS) |
| Quality Business Systems | Adv. Case No. 07-51287 (CSS) |
| A & B Truck Service Incorporated | Adv. Case No. 07-51288 (CSS) |
| Mid-States Express, Inc. | Adv. Case No. 07-51289 (CSS) |
| Three Way Transfer Of Arkansas | Adv. Case No. 07-51290 (CSS) |
| Cowan Systems LLC | Adv. Case No. 07-51292 (CSS) |
| Ball and Ball Trucking, Inc. | Adv. Case No. 07-51294 (CSS) |
| Benton Express, Inc. | Adv. Case No. 07-51295 (CSS) |
| Daylight Transport, LLC | Adv. Case No. 07-51296 (CSS) |
| Brown Cartage Company, Inc. | Adv. Case No. 07-51299 (CSS) |
| CFOex | Adv. Case No. 07-51300 (CSS) |
| Bridgestone Firestone North America Tire, LLC | Adv. Case No. 07-51301 (CSS) |
| Falcon Logistics, Inc. | Adv. Case No. 07-51302 (CSS) |

---

[1] The debtors are the following entities: S-Tran Holdings, Inc., a Delaware Corporation; Service Transport, Inc., a Tennessee Corporation; and Dixie Trucking Company, Inc., a North Carolina Corporation.

| | | |
|---|---|---|
| Godfrey Transportation, Inc. | ) | Adv. Case No. 07-51305 (CSS) |
| Fuel Masters, LLC | ) | Adv. Case No. 07-51306 (CSS) |
| Greggs Wrecker Service, LLC | ) | Adv. Case No. 07-51307 (CSS) |
| Genesco, Inc. | ) | Adv. Case No. 07-51310 (CSS) |
| Hollingsworth Oil Company Inc. | ) | Adv. Case No. 07-51311 (CSS) |
| ITC Deltacom, Inc. | ) | Adv. Case No. 07-51312 (CSS) |
| Hughes Supply, Inc. | ) | Adv. Case No. 07-51313 (CSS) |
| Wichita-Southeast Kansas Transit, Inc. | ) | Adv. Case No. 07-51314 (CSS) |
| FedEx Freight East, Inc. | ) | Adv. Case No. 07-51315 (CSS) |
| Guy Wolfenbarger, *et al.* | ) | Adv. Case No. 07-51317 (CSS) |
| Parrish Tire Company, Inc. | ) | Adv. Case No. 07-51319 (CSS) |
| Roadrunner Freight Systems, Inc. | ) | Adv. Case No. 07-51320 (CSS) |
| Lakeland Industries Inc. | ) | Adv. Case No. 07-51321 (CSS) |
| JNJ Logistics, L.L.C. | ) | Adv. Case No. 07-51322 (CSS) |
| Nextel West Corp. d/b/a Nextel Communications | ) | Adv. Case No. 07-51323 (CSS) |
| JT/SG Enterprises, Inc. d/b/a Solutions Staffing | ) | Adv. Case No. 07-51326 (CSS) |
| Robert Proffitt Trucking | ) | Adv. Case No. 07-51327 (CSS) |
| Red Hed Oil Co. | ) | Adv. Case No. 07-51328 (CSS) |
| Tri-State Express, Inc. | ) | Adv. Case No. 07-51329 (CSS) |
| Shipper's Consolidation and Distribution, Inc. | ) | Adv. Case No. 07-51332 (CSS) |
| Ferrellgas | ) | Adv. Case No. 07-51333 (CSS) |
| TruckPro, Inc. and TruckPro Parts, Inc. | ) | Adv. Case No. 07-51336 (CSS) |
| NPCR Inc. d/b/a Nextel Partners, Inc. | ) | Adv. Case No. 07-51337 (CSS) |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings.

**IT IS HEREBY ORDERED** that:

1. Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court. Any motion for extension of time to file a responsive pleading or stipulated order for such an extension must be filed with the Court no later than ten (10) days before the Initial Scheduling Conference in the adversary proceeding.

2. The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall take place no later than June 27, 2007.

3. The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than July 11, 2007. Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

4. All fact discovery shall be completed by October 25, 2007.

5. The parties shall provide expert reports for any issue on which they bear the burden of proof, not including any report by Plaintiff on insolvency of the Debtor, by November 14, 2007. If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided by November 14, 2007. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided by December 4, 2007. Defendant shall provide any expert report intended to rebut any report on insolvency by Plaintiff by December 14, 2007. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, by December 26, 2007.

6. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, no later than September 13, 2007, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

7. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8. All dispositive motions shall be filed and served by January 10, 2008, and shall be subject to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

9. The parties shall comply with the General Order Governing Pre-Trial Procedures in Adversary Proceedings Set for Trial Before Judge Christopher S. Sontchi. The parties shall file, no later than three (3) business days prior to the earlier of date set for (i) pretrial conference (if one is scheduled) or (ii) trial, their Joint Pre-Trial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Sontchi's chambers.

10. The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial one hundred twenty (120) days after the entry of the Order, or as soon thereafter as the Court's calendar permits. The Court may, in its discretion, schedule a pre-trial conference in lieu of or in addition to the trial.

11. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out

the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

13. The Plaintiff shall serve this Scheduling Order on the Defendant within five (5) business days after the entry of this Order.

Dated: _____, 2007

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Court Judge